## ERIE R. CO. v. LONG ISLAND R. CO.
## THE PATCHOGUE.
### No. 12526.

District Court, E. D. New York.

July 6, 1932.

Purdy & Purdy, of New York City (John E. Purdy, of New York City, of counsel), for libelant.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (Chauncey I. Clark and Paul Tison, both of New York City, of counsel), for claimant.

GALSTON, District Judge.

The facts in this cause have been stipulated.

On January 13, 1931, the steamtug Patchogue was engaged in landing the carfloat D. L. & W. No. 30 at the dock of the Long Island Railroad Company, claimant, at Long Island City. The carfloat of the libelant lay moored at the claimant's dock. As a result of the negligence of the tug, the libelant's carfloat sustained the damage which is the subject of this suit. The negligence is admitted.

The defense, however, is that on July 31, 1920, the claimant notified the libelant that on and after September 1, 1920, the claimant would no longer hold itself responsible for damage done to vessels lying at its terminals at Long Island City and Bay Ridge, Brooklyn, "whether said damage arises through the negligence of this company and/or its employees or through other causes." The stipulated facts disclose that by letter dated September 11, 1920, sent by the Erie Railroad Company to the Long Island Railroad Company, the libelant declined to be bound by the terms of the claimant's notice. However, the Long Island Railroad Company reasserted the terms of its notice in a letter to the libelant dated September 16, 1920. After the interchange of correspondence thus outlined, the libelant continued to use the Long Island Railroad Company's terminal at Long Island City, and continues so to do.

The question presented, therefore, in this controversy is the effect of the notice given by the Long Island Railroad Company on July 31, 1920, and the subsequent conduct of the parties.

It is contended by the libelant that the precise point involved herein was not before the court in New York Central Railroad Company v. Long Island R. Co. (C. C. A.) 57 F.(2d) 144, 145. That case involved a notice identical with that herein. In that case there was no proof of any objection on the part of the New York Central to the terms outlined in the notice of July 31, 1920; and six years after the giving of the notice, a carfloat of the New York Central was damaged at the terminal of the Long Island Railroad Company. The Circuit Court of Appeals said: "As the matter stands, we have a notice giving the terms upon which the Long Island Railroad would receive floating equipment at its terminal and when the New York Central sent its car float there it must be regarded as having accepted the offer to receive it upon the terms indicated. Ten Eyck v. Director General (C. C. A.) 267 F. 974; The Cutchogue (C. C. A.) 10 F.(2d) 671; Sun Oil Co. v. Dalzell Towing Co. (C. C. A.) 55 F.(2d) 63."

Such in effect was the conduct of the parties in the present cause, for though the Erie Railroad Company, unlike the New York Central, replied to the Long Island Railroad Company that it declined to be bound, the Long Island Railroad Company reaffirmed its position, and despite such reaffirmance the Erie Railroad Company acted in disregard of the notice, as did the New York Central in the reported case. It seems to me that the same consequences of law must follow.

■ The court determined that subdivision 4 of section 3 of the Interstate Commerce Act, 49 U. S. C. § 3 [49 USCA § 3(4)], indicates that carriers were free to contract as to the terms on which terminal facilities were furnished. The libelant herein was not obliged to accept the terms offered by the Long Island Company. It might have had recourse to the Interstate Commerce Commission. Instead, however, the Erie Company elected to use the terminal facilities. Clearly it could not do so on its own terms; and it must be held to the consequences of its own decision.

The libel will be dismissed.

If this opinion is not in sufficient compliance with the rule requiring findings of fact and conclusions of law, submit findings of fact and conclusions of law in accordance therewith.